

**SIGNED this 31 day of March, 2011.**

                                                    Shelley D. Rucker
                                    **UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:                                                          No. 10-11001
                                                              Chapter 7
KATHY DIANE LAWSON,

          Debtor.

**MEMORANDUM**

The trustee filed an Objection to Exemptions on April 28, 2010. [Doc. No. 19]. This court issued an order deferring ruling on the objection until a final decision had been rendered in the adversary proceeding styled *Jahn v. Bank of America, N.A. (In re Lawson)*, Adv. No. 10-1330. [Doc. No. 27]. This court issued its opinion and order in the adversary proceeding on March 28, 2011. [Adv. No. 10-1330, Doc. Nos. 22, 23]. Therefore, the trustee's Objection to Exemptions is now ripe for review.

In its memorandum opinion and order, this Court held that Kathy D. Lawson and Robert

Alan Lawson own the real property located at 4224 Crestview Drive, Chattanooga, Tennessee 37415 ("Crestview Property") as tenants by the entireties. On November 15, 2006 the debtor intended to convey her interest in the Crestview Property to Bank of America pursuant to a deed of trust. The Court also held that the Bank of America deed of trust failed sufficiently to identify the property. Because of this deficiency, the court held that Richard Jahn, the duly appointed trustee in the bankruptcy case, could avoid the transfer and recover the debtor's interest in the property. [Adv. No. 10-1330, Doc. No. 23].

The debtor sought to exempt her interest in the Crestview property pursuant to 11 U.S.C. § 522(b)(3)(B). [Bankr. No. 10-11001, Doc. No. 1, Schedule C]. On April 28, 2010, the trustee filed a timely objection to the exemption on the basis that the debtor is not entitled to a homestead exemption in rental property; and, further, that as avoided property, the estate's interest is superior to any claim of exemption.

Under Section 541 of the Bankruptcy Code, all of the debtor's property becomes part of the estate. 11 U.S.C. § 541. Section 522(b)(3) provides that certain property is automatically exempted from the estate. Tenancies by the entirety are exempt if they are exempt from process under applicable non-bankruptcy law. In this case "applicable non-bankruptcy law" is Tennessee law as both owners of the real property in question are Tennessee residents. Under Tennessee law, the creditors of only one tenant may not execute on a survivorship interest. *See Arango v. Third National Bank in Nashville (In re Arango)*, 992 F.2d 611, 613 (6th Cir. 1993) (citing *Third National Bank v. Knobler*, 789 S.W.2d 254, 255 (Tenn. Sup. Ct. 1990) and *Robinson v. Trousdale County*, 516 S.W.2d 626, 632 (Tenn. Sup. Ct. 1974)). Therefore, the general rule is that the survivorship interest is automatically exempt, subject to an exception found in 11 U.S.C. § 522(g).

That exception provides that if the survivorship interest has been voluntarily conveyed by the debtor and is recovered by the trustee pursuant to Section 550, the automatic exemption is

disallowed.  In this case it is the exception rather than the general rule that applies.  Because the trustee recovered the survivorship interest pursuant to his strong arm powers under 11 U.S.C. § 544 and recovered the interest pursuant to 11 U.S.C. § 550, the automatic exemption does not apply.

The other basis for exempting the interest discussed in the trustee's brief is the Tennessee homestead exemption.  Under Tennessee law, a homestead is applicable only to the real property which the debtor uses as her residence.  The Crestview Property was rental property at the time of the filing.  *See In re Sivley*, 14 B.R. 905, 907-08 (Bankr. E.D. Tenn. 1981) (finding that homestead exemption only exempts property used as a principal place of residence).

In addition, as the bankruptcy court in *In re Arwood* summarized in an analogous case involving the debtor's attempt to claim a homestead exemption in property held in a tenancy by the entireties with his spouse:

> the only interests presently enjoyed by the Debtor in the Real Property owned jointly with his non-filing spouse as tenants by the entireties are a right of survivorship and a right of possession.  By virtue of § 522(b)(2)(B), the only interest that became property of the Debtor's bankruptcy estate is his right of survivorship in the Real Property.  The Debtor does not have a vested homestead exemption in his survivorship interest in the Real Property.  He does, however, have a contingent exemption in the Real Property that may only be realized if he survives his spouse and becomes fully vested in the Real Property.

*In re Arwood*, 289 B.R. 889, 897 (Bankr. E.D. Tenn. 2003).  Therefore, the homestead exemption would have been considered only if the Crestview Property had been the debtor's primary residence at the time of filing.  Also, the debtor's memorandum clarifies that she is not relying on the state homestead exemption but rather the automatic exemption discussed above.

In conclusion, the trustee's Objection to the Exemptions will be sustained.  A separate order will be entered.  This memorandum constitutes the court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 9014(c).